## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  15-CV-01360 WYD-NYW

MARCELINA GARCIA DE MENDOZA,

Plaintiff,

v.

ASPEN SQUARE CONDOMINIUM ASSOCIATION, INC.,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter comes before the Court on the Parties' Proposed Protective Order. The Parties have stipulated, and the Court finds that pursuant to Fed. R. Civ. P~~ro~~. 26(c)(7), there is good cause for entry of this Protective Order. Such an Order will facilitate and expedite the Parties' exchange of disclosures, and their production of discoverable materials, and will facilitate the prompt resolution of disputes over confidentiality while adequately protecting information and documents that one or both Parties are entitled to ask be kept confidential. Accordingly, it is ORDERED that:

1.  This Protective Order shall apply to all documents, electronically stored information, and other materials that a party marks as "Confidential" pursuant to paragraph 4.

2.  As used in this Protective Order, "Document" refers to any and all items implicated by the description set forth in Fed. R. Civ Pro. 34(a)(1)(A) and (B), and expressly includes electronically stored information ("ESI"). A draft or non-identical copy is a separate Document within the meaning of this term.

3.      As used herein, "Confidential Information" shall mean information of a protected, proprietary, personal, or business sensitive nature, the disclosure of which outside of this Lawsuit which would (a) cause embarrassment, harm, or feelings of undue exposure in the person or entity about whom the Document addresses; (b) be of value to a competitor, potential competitor, customer and/or potential customer of the disclosing party; (c) be confidential, protected, or limited in the manner it can be produced as a matter of practice, law, regulation, rule, code, or ordinance, and which, if produced without limitation, could expose the disclosing party to potential complaints, claims, or liability; (d) financial information; and (d) health information.  <u>Before any material can be designated "Confidential Information," an attorney of record will review such document and satisfy herself or himself that such material is appropriately designated as "Confidential Information" pursuant to Rule 26(g).</u>

4.      As used herein, the term "Lawsuit" shall refer to the above-captioned matter, and all matters stemming from it, or arising from it, including appeals, interlocutory appeals, and related litigation.

5.      Any Document that contains Confidential Information may be designated as such by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each Document containing such information. For a multi-page Document, each page containing Confidential Information shall be stamped separately. For ESI that is produced in PDF format, a watermark or equivalent, semi-opaque marking on the visualized pages of the document shall be added stating "Confidential" as if it were a paper document. If ESI in a format other than PDF is produced, the producing party will use best efforts to ensure that the recipients know that the identified materials have been designated as Confidential. The Party claiming that the Document or ESI is confidential is responsible for creating and providing labelled copies of the Documents.

6. Any documents marked by any party in the course of this Lawsuit as "CONFIDENTIAL" prior to the entry of this order shall be considered subject to this order.

7. Documents designated as "CONFIDENTIAL" shall not be disclosed without consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

    (a) the Parties in this Lawsuit (which, in the case of entity defendants, shall mean officers, directors, and/or managers of the corporation);

    (b) any counsel of record who represents any Party in this Lawsuit, and the personnel who are directly employed by, or contracted with, any such law firm or attorney.;

    (c) expert witnesses and consultants engaged by or on behalf of a Party;

    (d) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the litigation or trial of this Lawsuit;

    (e) any person who is not a Party and who is to testify as a witness either at a deposition or before the Court in this Lawsuit, to the extent such disclosure is deemed necessary by any Party or counsel for any Party so as to assist the witness in preparing to testify, or so as to enable the person to assist counsel for any Party;

    (f) Persons or companies engaged by a Party or counsel to copy, scan, reproduce, image, or display in a trial or other proceeding associated with the Lawsuit; and

    (g) Other persons or entities by prior written agreement between the disclosing Party and the Party wishing to further share the Confidential Document(s).

Such agreement and approval will not be unreasonably or arbitrarily withheld.

8. Prior to disclosing any Confidential Document to any permitted person listed in paragraph 6(c), (e), (f), or (g) above, counsel for the Party choosing to share such Confidential Document with the permitted person shall provide such permitted person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Protective Order attached hereto as **Exhibit A**. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by other counsel in the Lawsuit. Nothing in this Protective Order shall limit or restrict any recipient of a document labelled as "Confidential" from providing said document to a governmental board, agency, department, ombudsman, or similar regulatory or supervising entity as a part of the producing individual's or entity's good faith belief that the Document should be presented to that recipient for consideration as a part of recipient's duties and responsibilities.

9. Counsel of record, or persons regularly employed or associated with counsel of record, may designate a Document as Confidential only after a review of the Document, and based on a good faith belief that the Document is Confidential.

10. Whenever a deposition involves the disclosure or discussion of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation may be made by counsel on the record during the deposition, but a Party or its or her counsel may designate portions of a deposition as "CONFIDENTIAL" after transcription, provided written notice of the designation(s) is promptly given to all counsel of record within thirty (30) days after notice by the

court reporter of the completion of the transcript.

11. Documents designated as "CONFIDENTIAL" if and when filed with the Court or offered as evidence at any time before trial, shall be tendered to the Court in conformity with the procedure set out in D.C.COLO.LCivR 7.2.

12. A Party may object to another Party's (or a non-party's) designation of particular document as "Confidential," or to a Party's partial redaction of a Document, or to a Party's designation of deposition testimony as Confidential by following the procedure for discovery disputes promulgated by Magistrate Judge in the August 20, 2015 Scheduling Conference, as amended thereafter. Until such steps are taken, and a determination is obtained, the disputed Document(s) or designation shall be treated as Confidential under the terms of this Protective Order.

13. The termination of proceedings in this Lawsuit shall not thereafter relieve either of the Parties from the obligation of maintaining the confidentiality of all Documents and information received from a Party or non-party and designated as "CONFIDENTIAL".

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties (and any affected non-parties) and an opportunity for them to be heard.

Entered by the Court on this 8th day of September, 2015

s/ Nina Y. Wang
_____
~~UNITED STATES DISTRICT COURT~~
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

*s/ Theodore G. Hess*
Theodore G. Hess
Ted Hess & Associates, LLC
110 8th Street
Glenwood Springs, CO 81601
970-945-5300
ted@tedhess.com
*Attorneys for Plaintiff*

*s/ Miles L. Buckingham*
Miles L. Buckingham, #31303 (Colo. Lic.)
Nemirow Perez P.C.
445 Union Blvd, Suite 209
Lakewood, Colorado 80228
(720) 638-1234
mbuckingham@nemirowperez.com
*Attorneys for Defendant*